**TRANSWESTERN PIPELINE COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**No. 84–4753.**

United States Court of Appeals, Fifth Circuit.

June 11, 1986.

James W. McCartney, Vinson & Elkins, Judy M. Johnson, Houston, Tex., for petitioner.

John H. Conway, Atty., Jerome Feit, Sol., F.E.R.C., A. Karen Hill, Atty., Washington, D.C., for respondent.

Michael D. Gayda, E.R. Island, Los Angeles, Cal., for Pacific Lighting Gas Supply Co. and Southern California Gas Co.

Janice E. Kerr, J. Calvin Simpson, Michael B. Day, San Francisco, Cal., for The State of California and The Public Utilities Com'n of the State of California.

J.D. Steelman, Tulsa, Okl., Dale A. Wright, Gregory Grady, Washington, D.C., for Northwest Central Pipeline Corp.

Before CLARK, Chief Judge, and BROWN, and JOHNSON, Circuit Judges.

## ON PETITION FOR REHEARING

CLARK, Chief Judge:

Transwestern's petition for rehearing focuses on two main issues. First, Transwestern maintains that the decision in this

case violates the rule that the propriety of agency action is to be judged only on the grounds invoked by the agency. Second, Transwestern points to a settlement agreement of an earlier rate case, approved by the Commission, in which the issue of WESCO cost recovery was postponed until a later hearing. Transwestern argues that this agreement shows that the issue of WESCO costs had not been previously decided in Opinions No. 728 and 728–A.

 While the propriety of agency action is to be evaluated on the grounds invoked by the agency and not on some other basis that the court finds more appropriate, *Mitchell Energy Corp. v. FERC,* 651 F.2d 414, 417 (5th Cir.1981), this rule is inapplicable where the issue is not the propriety of agency action but the propriety of the *challenge* to an agency action at a particular time or in a particular forum. *See, e.g., Texaco, Inc. v. FPC,* 290 F.2d 149, 156–57 (5th Cir.1961); *see also Midwestern Gas Transmission Co. v. FERC,* 734 F.2d 828, 832 (D.C.Cir.1984). Since in the present case the issue is whether Transwestern is barred from challenging the Commission's denial of WESCO costs by virtue of its participation in the earlier certification proceeding and by its failure to challenge the earlier denial of WESCO costs implicit in Opinions No. 728 and 728–A, Transwestern's argument misses the mark.

Furthermore, our decision in the present case does not affirm the Commission's orders on a basis fundamentally different from that relied on by the agency. In the orders under review the Commission denied the WESCO costs based on its decision in *Natural Gas Pipeline Co.* 27 FERC ¶ 61,-201, *reh'g denied,* 28 FERC ¶ 61,020, *aff'd sub nom. Natural Gas Pipeline Co. v. FERC,* 765 F.2d 1155 (D.C.Cir.1985). In *Natural Gas,* the Commission cited Opinion No. 728 as an example of its long-standing policy of denying costs from failed synthetic gas projects. 27 FERC ¶ 61,201 at 61,379. Thus, our opinion in the case at bar is consistent with the underlying thrust of the orders under review.

 Transwestern's reliance on the settlement agreement is also misplaced. The Commission may reconsider its prior decisions without obligating itself to change those decisions. The mere fact, however, that the Commission has the authority to change conditions contained in a certificate of public convenience and necessity does not mean that such conditions need not be challenged at the time they are created. *Cf. Mississippi River Transmission Corp. v. FERC,* 759 F.2d 945, 952–53 n. 9 (the fact that FERC has authority to remedy alleged shortcomings in a minimum bill in reopened proceedings provides no assurance that it will do so and therefore a minimum bill provision may be challenged immediately).

For these reasons the petition for rehearing is

DENIED.